# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHARIKA NICOLE JENKINS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:15-cv-2134-Orl-31LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. 30)**
>
> **FILED:** January 15, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.　Background

Prior to filing this case, on November 5, 2015, the Claimant entered into a contingency fee agreement with Richard A. Culbertson, Esq., for the purpose of appealing the Commissioner of Social Security's (Commissioner) denial of the Claimant's request for social security disability benefits. (Doc. 30-1). In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded the Claimant past-due benefits, then, under the

agreement, the Claimant agreed to pay Mr. Culbertson and his law firm a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. (*Id*.).

On December 21, 2015, the Claimant filed a complaint against the Commissioner alleging that the Commissioner improperly denied her request for social security disability benefits. (Doc. 1).

Prior to the deadline for the parties' joint memorandum, on July 20, 2016, the Commissioner filed an unopposed motion to remand the case for further proceedings. (Doc. 20). On August 8, 2016, the Court entered an order granting the motion to remand and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 24).

Following remand, on September 12, 2016, the Claimant moved for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 26). The Claimant stated that her counsel and the counsel's law firm spent a total of 19.7 hours working on her case before this Court and, as a result, requested an award of $3,774.09 in attorney fees under the EAJA. (*Id*.). On September 14, 2016, the Court entered an order granting the motion for EAJA fees and awarded the Claimant $3,774.09 in attorney fees under the EAJA. (Doc. 27).

On remand, the Commissioner found that the Claimant was disabled and awarded her and her beneficiaries a total of $71,456.00 in past-due benefits. (Docs. 30-2; 30-3; 30-4; 33 at 1-2; 34). The Commissioner withheld $17,864.00 of the Claimant's past-due benefits to pay her legal fees. (Docs. 33-1 at 2; 34 at 3).

On January 15, 2019, Mr. Culbertson filed a motion seeking authorization to collect a total of $13,538.41 in attorney fees from the Claimant pursuant to 42 U.S.C. § 406(b). (Doc. 30 (Motion)). The Motion is unopposed. (*Id*. at 3).

On March 8, 2019, Mr. Culbertson filed a notice, in which he amended his request for attorney fees under § 406(b). (Doc. 35 (Notice)). Specifically, Mr. Culbertson now seeks only $11,864.00 in attorney fees under § 406(b). (*Id.*).

## II.   Law

Mr. Culbertson seeks attorney fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[1] The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. at § 406(b)(2). Thus, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277. Thus, if the court remands a case to the

---

[1] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b). In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Accordingly, here, the Court need not consider any § 406(a) fees awarded to the claimant's attorney at the administrative level.

Commissioner, the claimant's attorney is entitled to recover his attorney fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense. *See* 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807-08. Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id.* In determining whether the amount sought is reasonable, the court may consider the following factors: 1) the character of the attorney's representation and the result achieved; 2) the number of hours spent representing the claimant and the attorney's normal billing rate; 3) the risk involved in taking claimant's case on a contingency basis; and 4) whether the attorney was responsible for delaying the proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case

No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate does not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

**III. Analysis**

Mr. Culbertson represented the Claimant before this Court. (Doc. 1). The case was remanded to the Commissioner, who found that the Claimant was disabled and, as a result, awarded her and her beneficiaries a total of $71,456.00 in past-due benefits. (Docs. 33; 34). Thus, Mr. Culbertson is entitled to an award of attorney fees under § 406(b). *Bergen*, 454 F.3d at 1271.

Mr. Culbertson is entitled to recover up to twenty-five percent of the past-due benefits awarded to the Claimant and her beneficiaries, *i.e.*, $17,864.00. 42 U.S.C. § 406(b)(1)(A); (Doc. 31-1). Mr. Culbertson has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $3,774.09, by reducing his request for attorney fees under § 406(b) by the amount awarded under the EAJA. (Doc. 30 at 4); *see Jackson*, 601 F.3d at 1271. Thus, considering this reduction, Mr. Culbertson is entitled to collect a total of $14,089.91 in attorney fees under § 406(b). However, in this case, Mr. Culbertson is only seeking to recover a total of $11,864.00 in attorney fees under § 406(b). (Doc. 35). Thus, Mr. Culbertson's request for attorney fees falls below the twenty-five percent threshold set forth in § 406(b).

As a final matter, the undersigned finds that the amount Mr. Culbertson requests in § 406(b) fees is reasonable. First, the Claimant entered into a contingency fee agreement, in which she agreed to pay Mr. Culbertson and his law firm a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. (Doc. 30-1). This agreement militates in favor of

finding that the requested amount, which is less than the amount Mr. Culbertson is entitled to recover under the agreement, is reasonable. *See Wells*, 907 F.2d at 371. Second, Mr. Culbertson and his law firm spent a total of 19.7 hours litigating this case. (Doc. 26 at 12-13). While the Commissioner ultimately moved to remand the case, it appears that the Commissioner elected to do so, in part, because of the work Mr. Culbertson and his law firm performed in this case. (*See* Doc. 26 at 13 (the Claimant's portion of the brief was completed (and presumably sent to) the Commissioner before the Commissioner moved to remand the case)). Thus, Mr. Culbertson and his law firm's work in this case more than likely resulted in it being remanded for further proceedings, which resulted in the Claimant succeeding on her claim for disability benefits. Third, there is no evidence that Mr. Culbertson or his law firm caused any delays in this case. Fourth, Mr. Culbertson undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied the Claimant's request for disability benefits. In light of the foregoing, the undersigned finds that Mr. Culbertson's request for $11,864.00 in attorney fees under § 406(b) is not a windfall and is reasonable under the circumstances of this case.

**IV.    Conclusion**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 30), as amended by the Notice (Doc. 35), be **GRANTED**.
2. Mr. Culbertson be authorized to charge and collect from the Claimant a total of $11,864.00 in § 406(b) fees.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

**If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on March 20, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy